IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| ALEXANDER WILLIAMS, #Y42564, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 21-cv-01182-JPG |
| JOHN SCOTT, JEFF BULLARD, CRAIG MANSKER, BONNIE MAY, NANCY BURREL, VINCENT HANES, DAVID WHITING, GILBERT HAYNES, BRIAN TATE, and STEPHEN YANDELL, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Alexander Williams, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Vandalia Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that officials at Jefferson County Jail located in Mount Vernon, Illinois, interfered with his religious exercise in 2020 by denying him access to a prayer rug and religious meals during Ramadan, among other things. (Doc. 1, pp. 10-11). Plaintiff seeks monetary relief. (*Id*. at 12).

This matter is before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant

1

must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 10-11): Plaintiff is a Muslim inmate who was detained at Jefferson County Jail in 2020.  He claims that the defendants interfered with his exercise of religion during Ramadan, a holiday marked by a month of religious fasting from sunrise to sunset.  Jefferson County officials allegedly denied him access to meals and a religious prayer rug, among other things.  (*Id*.).

Specifically, on April 23, 2020, Officer Brian Tate failed to bring Plaintiff a meal after sunset and before dawn the following day.  (*Id*. at 10).  On May 9, 2020, Sergeant Gilbert Haynes did the same.  (*Id*. at 11).  Officer Stephen Yandell served Plaintiff's meal 2.5 hours late on May 6, 2020.  On May 23, 2020, Captain John Scott failed to recognize a religious holiday that followed Ramadan.  (*Id*.).

From April 26, 2020 to May 20, 2020, Plaintiff requested access to a religious prayer rug from Lieutenant Bonnie May, Lieutenant Vincent Hanes, Lieutenant Craig Mansker, and Captain John Scott.  Each request was denied.  Plaintiff was not allowed to purchase one.  (*Id*.).

Lieutenant Nancy Burrel, Lieutenant Vincent Hanes, Lieutenant David Whiting, Lieutenant Bonnie May, Lieutenant Craig Mansker, and Captain John Scott responded to each of Plaintiff's grievances regarding these issues but failed to "right these wrongs" from April 23, 2020 to July 21, 2020.  Sheriff Jeff Bullard, Sr., was allegedly responsible for the misconduct of these subordinates.  (*Id*.).

## Discussion

The Court deems it appropriate to organize the claims in this *pro se* Complaint into the following enumerated counts:

> **Count 1:** Defendants Brian Tate, Gilbert Haynes, and Stephen Yandell each denied Plaintiff timely access to at least one meal after sunset during Ramadan in 2020, in violation of Plaintiff's rights under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act;
>
> **Count 2:** Defendant John Scott refused to recognize a religious holiday that followed Ramadan on or around May 23, 2020, in violation of Plaintiff's rights under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act;
>
> **Count 3:** Defendants Bonnie May, Vincent Hanes, Craig Mansker, and John Scott refused to provide Plaintiff with a religious prayer rug during Ramadan from April 26, 2020 to May 20, 2020, in violation of Plaintiff's rights under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act; and
>
> **Count 4:** Defendants Jeff Bullard, Sr., Nancy Burrel, Vincent Hanes, David Whiting, Bonnie May, Craig Mansker, and John Scott failed to "right these wrongs" from April 23, 2020 to July 21, 2020, in violation of Plaintiff's rights under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

This Court generally construes an inmate's complaint that a jail official infringed on his religious rights to include claims under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The First Amendment prohibits prison officials from imposing a substantial burden on the free exercise of religion unless

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the burden is reasonably related to a legitimate penological interest. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). RLUIPA offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); 42 U.S.C. § 2000cc-5(7)(A). RLUIPA applies to state and local governments and to those acting under color of state law. *See* 42 U.S.C. § 2000cc-5(4).

As for Counts 1, 2, and 3, the allegations suggest that the defendants burdened the free exercise of Plaintiff's religion during Ramadan in 2020 by denying him access to meals, a prayer rug, and related holidays. Therefore, Counts 1, 2, and 3 shall receive further review against the defendants named in connection with each claim.

Count 4 shall be dismissed without prejudice for failure to state a claim for relief. Plaintiff names grievance officers and the sheriff for denying and disregarding his grievances rather than taking corrective action in response to them. It is well-settled that a grievance official's denial of an inmate's grievance after a constitutional deprivation has occurred gives rise to no claim for a constitutional violation against the grievance officer. *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) ("McGee's claims against . . . the individuals who ruled against McGee on the institutional grievances he filed . . . fail as a matter of law."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). It also gives rise to no claim against the grievance officer's supervisor because *respondeat superior* liability is not recognized in this context. *Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 liability instead hinges on personal responsibility for or involvement in a constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649 (7th Cir. 2017); *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009); *Vance v.*

*Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (Liability does not "attach unless the individual defendant caused or participated in a constitutional violation."). Count 4 shall therefore be dismissed without prejudice against all defendants named in connection with that claim. To the extent a defendant was involved in the underlying misconduct, he or she has already been named in connection with Counts 1, 2, and 3.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 6) is **DENIED without prejudice.** When a *pro se* litigant submits a request for counsel, the Court first considers whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, next considers whether the difficulty of the case exceeds his capacity as a layperson to present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Although Plaintiff has demonstrated reasonable efforts to find counsel on his own, the Court is not persuaded that court-recruited counsel is necessary at this early stage. This case involves three straightforward claims of religious interference. Plaintiff points to no impediments to self-representation, such as medical, mental health, educational, or language barriers. The Court finds that Plaintiff has demonstrated his ability to present himself thus far, by preparing and filing a coherent and well-organized complaint that survives screening. His request for counsel is denied at this time. Plaintiff may renew the request by filing a new motion, if it becomes necessary to do so as the case proceeds.

### Disposition

**IT IS ORDERED** that the Complaint survives screening under 28 U.S.C. § 1915A. The following claims will proceed against the below-named defendants, in their individual capacities:

- **COUNT 1** against **BRIAN TATE, GILBERT HAYNES,** and **STEPHEN YANDELL**;

- **COUNT 2** against **JOHN SCOTT**; and

- **COUNT 3** against **BONNIE MAY, VINCENT HANES, CRAIG MANSKER,** and **JOHN SCOTT**.

**IT IS ORDERED** that **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendants **JEFF BULLARD, NANCY BURREL,** and **DAVID WHITING** are **DISMISSED** without prejudice, and the Clerk's Office is **DIRECTED** to **TERMINATE** them as defendants in CM/ECF.

With respect to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendants **BRIAN TATE, GILBERT HAYNES, STEPHEN YANDELL, BONNIE MAY, VINCENT HANES, CRAIG MANSKER,** and **JOHN SCOTT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file appropriate responsive pleadings to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/7/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**<u>Notice</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.